## In re ANDREWS.

(Supreme Court, Special Term, New York County. November 25, 1907.)

INSANE PERSONS—COMMITTEE OF ESTATE—SUBSTITUTION.

Where there have been grave disagreements and entire lack of harmony between the members of the committee of an insane person, resulting in expensive and unnecessary litigation, and it is not clear that the announced understanding between such members has for its main consideration the welfare of the incompetent, or that the truce is more than temporary, a disinterested and well-qualified committee should, in the interest of the incompetent, to the promotion of which the action of the court is confined, be substituted.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Insane Persons, § 57.]

In the matter of the guardianship of Blanche L. Andrews, an insane person. Substitution of committee of estate ordered.

For former report, see 106 N. Y. Supp. 13.

Parker, Hatch & Sheehan, for Constant A. Andrews and Blanche L. Andrews.

George C. Kobbe, for Nannie V. Roosevelt.

Grant Notman, for John E. Roosevelt.

DAYTON, J. Grave disagreements and violent conflicts between the two surviving members of the committee of the estate of this incompetent and an entire lack of harmony between said committeemen, which have resulted in expensive and unnecessary litigation and were seriously detrimental to the interests of the said estate, rendered obligatory the disposition by the court of all the matters in controversy, so that the interests of its ward, the incompetent, should be safeguarded and subserved. This decision was handed down on September 16th last. I am now informed, upon the settlement of the order, that Messrs. Roosevelt and Andrews, the disagreeing committeemen, have come to an understanding in the premises. Indeed, the proposed order submitted by counsel for Mr. Roosevelt contains a recital to the effect that the "court is convinced that all causes of friction and inharmonious relations between the present members of the committee of the estate and between the committee of the estate and Mrs. Nannie V. Roosevelt have been entirely removed, and to that end that any and all pending litigation in reference to the estate and person of said incompetent person is to be terminated at once, and that the welfare of said incompetent and her estate will be fully protected, and that re-establishment of harmonious relations between the members of the committee of the estate and the sister and only next of kin of said incompetent person has obviated any necessity for removal of the committee

of the estate and the appointment of a new committee." It has not, however, been made clear to the court that this understanding so recently arrived at has for its main consideration the welfare of the incompetent, nor am I satisfied that this truce is more than a temporary arrangement, which may at any moment be abrogated and a resumption of hostilities ensue. The proposed order above mentioned contains a further clause wherein it is "ordered that the said John E. Roosevelt and Constant A. Andrews, as such committee of the estate of said incompetent person, be authorized, empowered, and directed to vote or cause to be voted the 1,714 shares of stock of the Elkhorn Valley Coal Land Company belonging to said Blanche L. Andrews at any annual or special meeting of the stockholders of such company in such manner as shall be deemed best for the interest of the said incompetent, and in the event of either of said committee of the estate being elected president or vice president of such company to receive the salary fixed and allowed to such officer without being accountable for said salary to said committee of the estate." Should further disagreement occur, the complications which might arise from this provision and the possibilities of disaster to the estate of the incompetent may be readily surmised. Courts will always favor an adjustment of differences between litigants, where the issues involve their personal interests or property. Mr. Roosevelt and Mr. Andrews, however, have only expectancies, dependent upon the survival of one or the other at the death of the incompetent.

Thus the action of the court is confined to the promotion of the welfare of the latter, and therefore, being still of the opinion from the record before me that the relations existing between Messrs. Roosevelt and Andrews "are such as to render their cordial joint action out of the question," and that a disinterested, well-qualified committee of the estate should be substituted, the order proposed by counsel for Mr. Andrews, as amended, has been signed.