In re ANDREWS. (Supreme Court, Special Term, New York County. December 30, 1907.)

In the matter of the guardianship of Blanche L. Andrews, an insane person. Motion for stay pending appeal. Motion granted on condition. For former report, see 106 N. Y. Supp. 13, 1096. Parker, Hatch & Sheehan, for Constant A. Andrews and Blanche L. Andrews. George C. Kobbe, for Nannie V. Roosevelt. Grant Notman, for John E. Roosevelt.

DAYTON, J. Motion for stay pending appeal. Upon his petition, verified November 29, 1907, Mr. John E. Roosevelt asks a stay of all proceedings under the order removing Mr. Andrews and himself as committee, pending an appeal by himself and Mrs. Roosevelt from part of that order, and for an order practically directing that until the determination of said appeals Messrs. Andrews and Roosevelt continue as such committee. By an order of this court, dated December 2, 1907, Mr. Sylvester J. O'Sullivan. the substituted committee, was directed to be served with the order to show cause on this application, which subsequently came before Mr. Justice Greenbaum, and was referred to me December 24, 1907. The ground of this motion is the allegation that no notice of any application for the removal of Messrs. Andrews and Roosevelt was ever given to either Mr. or Mrs. Roosevelt, and that great confusion would result in the management of the estate if the stay be not granted. It is to be noted that Mr. Andrews does not join in or oppose this application, or express an intention to appeal. The notices of appeal, dated December 23, 1907, and served December 26, 1907, by Mr. and Mrs. Roosevelt, are separate documents, but similar in form, and are addressed to Mr. Andrews individually, the special guardian, and to Mr. and Mrs. Roosevelt interchangeably, but not to Mr. O'Sullivan, the substituted committee. These appeals are not from the entire order of November 26, 1907, but from so much thereof as (1) orders Messrs. Andrews and Roosevelt to account since January 6, 1907; (2) orders the removal of said committee; (3) orders the appointment of Mr. O'Sullivan as substituted committee of the estate; (4) orders that Messrs. Andrews and Roosevelt deliver to the substituted committee the property of the estate; (5) orders that the substituted committee vote upon the 1,714 shares of stock of the Elkhorn Valley Coal Land Company; (6) orders the vacation of the orders of reference and appointment of special guardian; (7) as combines in one order with a different title, a determination upon three distinct referees' reports in three separate special proceedings, together with two other special proceedings pending before a referee, "in no way before the court for decision." It is to be noted that no appeal is taken (a) from that part of the order denying Mr. Andrews' claim to surcharge Mr. Roosevelt with about

$12,000 received by him as president of the coal company; (b) from that part of the order which restricts the visits of relatives or friends to the incompetent; (c) from that part of the order which provides for the payment of allowances and costs to attorneys, special guardians, physicians, and to the referee in full for services in the above mentioned proceedings; (d) from that part of the order which denies the application to remove Mr. Andrews as committee of the person (which was before Mr. Hubbell, as referee); (e) from that part of the order which directs the payment to Mr. Andrews of $1,500 per month. In these five particulars the order of November 26, 1907, stands affirmed, and whether the right to appeal from the parts specified in the notices of appeal remains is a question I may not pass upon. All the parties interested were fully aware that all these proceedings were before me, and they submitted to the jurisdiction of the court with full knowledge and notice that I would determine the whole subject, including the removal of Mr. Roosevelt and Mr. Andrews (Mr. Andrews having offered his resignation as committee of the estate the more effectually to press for the removal of Mr. Roosevelt), and all the parties incontestably know that the order of November 26, 1907, was made, not "capriciously," but after "patient and careful hearing of all matters" which bore upon the questions involved. It would seem that these appeals should not succeed. They have, however, been taken in apparent combination with Mr. Andrews, in the possible anticipation that they would be unopposed. Though I deem a stay to be of doubtful propriety, it will nevertheless be granted, but only upon the following express conditions: First. That within five days from December 30, 1907, Mr. and Mrs. Roosevelt file with the clerk of this court, in this proceeding, their written stipulation to have their papers on said appeals filed in the Appellate Division, also their briefs and notices of argument for the calendar for the February term, 1908, and to argue them when reached; also to pay all expenses of printing and counsel fees on said appeals and not to ask reimbursement therefor out of the incompetent's estate unless authorized so to do by the Appellate Division; also to serve a copy of the papers on said appeals with timely notice of argument thereof upon Sylvester J. O'Sullivan, Esq., the substituted committee. Second. Messrs. Andrews, Roosevelt, and Devlin are stayed from voting upon any of the shares of the Elkhorn Valley Coal Land Company belonging to the incompetent. Third. Messrs. Andrews and Roosevelt are stayed from performing any of the duties of committee of the estate, except the payment of $1,500 per month to Mr. Andrews, as committee of the person, as directed by the order of November 26, 1907, and the collecting and depositing the income of said estate. Fourth. In all other respects the stay granted by the order to show cause, dated November 29, 1907, is vacated. Fifth. If the stipulation mentioned in paragraph "First" of this memorandum be not made and filed as therein provided, an order will be entered forthwith denying this motion and wholly vacating said stay of November 29, 1907. Order signed.