In re ANDREWS.

(Supreme Court, Special Term, New York County. August 14, 1908.)

1. INSANE PERSONS—GUARDIANSHIP—ACCOUNTING BY COMMITTEE.

On motion by the committee of the estate of an incompetent for instructions as to payment of certain items, it appeared that the assets of the estate were $366,000, including furniture, etc., leaving securities of the market value of $320,000, yielding an income of $21,000 yearly, with cash in hand about $200, and that there would be due the committee in several months $4,500 allowed by the court, and the only probable income in the near future was some $1,700, leaving a deficit of $10,000. About $23,000 has been allowed the committee within eight months by orders of the court. The bulk of the estate consists of stock in a coal company, paying bimonthly dividends, recently decreased from 1½ per cent. to 1 per cent. The incompetent was probably incurable, but her bodily health was good. Held, that as the estate, if carefully managed, would yield an income sufficient for every comfort until the death or recovery of the incompetent, the principal of the estate should not be impaired while it produced its present income, or until there was a substantial failure of income.

2. SAME—ACCOUNTING BY COMMITTEE.

In settlement of the accounts of the committee of an incompetent, the lease on certain premises should be surrendered, the incompetent having been taken to another place for treatment; the purchase price of an automobile, the necessity for which was not shown, should not be allowed; attorney's fees for removing a committee of the estate should not be allowed, an appeal in the proceedings therein being still pending; attorney's and physicians' fees incurred in removing the incompetent from one dwelling place to another should not be charged to either the principal or the interest of the estate, it not appearing that the welfare of the incompetent was subserved by the proceedings; and the allowance to the committee of the person should be reduced from $1,500 to $1,000

a month, on shrinkage of income, but the committee of the estate should be reimbursed for rental of a house for the incompetent during the term such rental was authorized by a prior order of court.

In the matter of Blanche L. Andrews, an incompetent person. On motion by the acting committee of the estate for instruction as to the payment of certain claims. Claims directed to be paid as stated, and order to be settled on notice.

See 111 N. Y. Supp. 417.

John F. Devlin, for petitioner.

William M. Seabury, for Constant A. Andrews.

Cornelius J. Sullivan, special guardian.

DAYTON, J. Motion by acting committee of the estate for instructions as to the payment of $7,223.30, as follows:

"(1) Expenses incurred and paid by the committee of the person for support of incompetent and her household, including portion of rental of No. 737 Madison avenue prior to December 1, 1907, paid by committee of person, and for which he has not been reimbursed, $1,061.15.

"(2) Automobile purchased by Constant A. Andrews, as committee of the person, prior to December 1, 1907, for which he has not been reimbursed, $4,534.79.

"(3) Counsel fee and disbursements for services of counsel for Constant A. Andrews in appeal to Court of Appeals and in connection with application for change of abode of incompetent, $1,527.36.

"(4) Dr. Booth, for services in connection with application for change of incompetent, $100."

The petition of John E. Roosevelt and Constant A. Andrews, as acting committee of the estate, shows assets as of January 6, 1907, to be about $366,000, including jewelry, furniture, glassware, etc., $26,-000, leaving about $340,000 in securities. A subsequent statement as of July 31, 1908, has been furnished, showing the market value of said securities to be about $320,000, yielding an income of about $21,000. Cash on hand is about $200. The petition further shows that on September 26th next there will be due the committee of the person $4,500, as provided by an order of this court entered November 26, 1907, and that the only income to be expected in the near future is about $1,714, thus creating a deficit of about $10,000, to be met by a proposed invasion upon the principal through a sale of securities. The committee of the person is allowed by said order $1,500 per month for the support of the incompetent. Since that order was made the estate has been directed to pay $9,758.50 for the expenses of the proceeding to remove the committee of the estate, $1,383.39 for expenses of habeas corpus proceedings, $1,137.56 taxed costs and disbursements on appeal to Appellate Division from the order removing said committee, which order was affirmed, $10,500 to the committee of the person—a total of $22,779.45, all within a period of eight months. To this it is proposed to add the above $10,000, making a total of about $33,000. Annual income about $21,000. The $18,000 per annum so allowed to the committee of the person was to be expended in part by maintaining the Madison avenue house at a rental of $3,500, where alone the committee of the person resides, upon the suggestion that the incompetent would be benefited by the thought of her return there, and in

part by maintaining the incompetent at the Knolls, and now at Bloomingdale. For those expenditures he is, by that order, required to account, but so far as I am informed has not done so.

The bulk of the estate consists of 1,714 shares of the Elkhorn Valley Coal Company, valued at $257,000. Dividends therefrom, usually declared bimonthly, have recently been reduced from 1½ to 1 per cent. If this shall continue, a considerable decrease of income will follow. If the principal be diminished, further decrease of income must ensue. In a former opinion I intimated that the maintenance of the Madison avenue house was ill-advised and that the furniture should be stored. I deem it proper to say at this juncture that the lease of those premises, expiring September 30th next, should not in my opinion be renewed. Less than $18,000 per year is more than sufficient for the luxurious care of this unfortunate lady in Bloomingdale or any similar institution, including automobile service, if those in charge so advise. The details of the claim for $1,061.15 are not supplied by the petitioners. So much thereof as was paid for rent of No. 737 Madison avenue prior to December 1, 1907, may be reimbursed out of income on presentation of a proper voucher. The other items thereof must be shown to have been properly expended, with vouchers attached, before passing upon their allowance. The purchase of an automobile was unauthorized. The necessity for its purchase or use is not satisfactorily shown. No good reason is advanced for diminishing the principal of the estate to pay for it. The special guardian has filed with me a letter in which he says:

"I feel that I ought to enter my protest as special guardian in the Andrews matter against the reimbursement to the committee of the person of the cost of an automobile. I do not think the purchase of one was at all necessary, and, coming at a time when the income of the estate has been reduced and the market value of the principal decreased, the responsibility of such a purchase should be placed upon the committee personally."

Mr. Andrews did not appeal to the Court of Appeals from the order of the Appellate Division removing him as one of the committee of the estate. That appeal is still undetermined. He may not therefore be reimbursed out of this property for his counsel fees and expenses, which doubtless are reasonable. At his instance habeas corpus proceedings were had in May or June, 1908, for the purpose of having the incompetent transferred to No. 737 Madison avenue. He was unsuccessful. He appealed. The order was affirmed. He made still another similar application, with the result that Mrs. Andrews was removed from the Knolls to Bloomingdale, where she now is. Without questioning the value of the services of "counsel for Constant A. Andrews," $1,527.36, I am not satisfied that the welfare of the incompetent was involved or subserved in any of these proceedings, and therefore the expense thereof may not be charged against either the principal or income of her estate. Without questioning the value of Dr. Booth's services, the observations as to the $1,527.36 claim apply. Every dollar of the present principal of Mrs. Andrews' estate should be preserved, if possible. Her malady is pronounced by eminent experts, whose opinions have been approved and relied upon by this court in several proceedings relating to this incompetent, to be incurable;

the only hope for restoration being absolute freedom from annoyance and the watchfulness of skilled alienists in some proper retreat. Her bodily health is reasonably good and she may live many years so guarded and tended. Carefully managed, the income from her property should be abundant for every comfort and luxury befitting her condition until the miracle of her recovery or her death. No court exercising chancery powers, knowing the facts as I do (see 56 Misc. Rep. 6, 106 N. Y. Supp. 13; 57 Misc. Rep. 86–88, 106 N. Y. Supp. 1096; 57 Misc. Rep. 91, 107 N. Y. Supp. 1119), should, until the happening of either of those events, permit the principal of her estate to be further impaired so long as it produces approximately existing results, out of which a portion might well be set aside to provide against depreciation of or loss upon investments. Not until a total or substantial failure of income should the principal be disturbed.

My conclusions are: First. Payment of the claims submitted is disallowed, except that for $1,061.15, as indicated. Second. The necessities of the situation require that until the further order of the court the allowance to the committee of the person be reduced to $1,000 per month, beginning September 26, 1908, and my order of November 26, 1907, is amended accordingly. Third. The premises No. 737 Madison avenue to be surrendered September 30, 1908, and the landlord so notified forthwith; the furniture and effects of the incompetent therein situated to be boxed and stored by the committee of the estate. Fourth. The expenditures of the committee of the person and his acts towards and the several proceedings instituted by him or under his direction relating to the incompetent, all since November 26, 1907, should be inquired into in the proceedings now before Charles Bulkley Hubbell, Esq., as referee, as directed by the Appellate Division, as additional grounds for the removal of said committee of the person.

Settle order on notice.